UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>                              Plaintiff,<br>v.<br><br>ROSAM, LLC *et al.*,<br><br>                             Defendants. | Case No.: 19-CV-1604-MMA(WVG)<br><br>**AMENDED NOTICE AND ORDER FOR (1) EARLY NEUTRAL EVALUATION CONFERENCE AND (2) TELEPHONIC STATUS CONFERENCE**<br><br>**[Doc. No. 7.]** |

      For good cause shown, the joint motion to continue the Early Neutral Evaluation ("ENE") and status conference is GRANTED. The Court's prior Order (Doc. No. 4) is VACATED, and the dates are reset as set forth below.

      IT IS HEREBY ORDERED that an ENE of your case will be held on **January 6, 2020**, at **9:00 a.m.**, before United States Magistrate Judge William V. Gallo, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Second Floor, San Diego, California. The attorneys and parties are to alert chambers of their arrival via the call button in the second-floor elevator lobby.

      / / /

1

Additionally, **on <u>January 3, 2020</u>, beginning at <u>1:00 p.m.</u>**, the Court will hold an attorneys-only telephonic status conference with each party separately.[1] The purpose of this confidential, off-the-record teleconference is for the Court's benefit in assessing each party's concerns, challenges, and whether the Court can assist in alleviating these. **On or before <u>December 30, 2019</u>,** each attorney intending to participate shall lodge, via electronic mail addressed to efile_Gallo@casd.uscourts.gov, (1) the name of each attorney who will participate and (2) a telephone number at which each attorney may be reached **directly without fail** at the time of the conference.

**The following are mandatory guidelines for the parties preparing for the ENE Conference.**

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, both counsel **and the parties** who have full and unlimited authority[2] to negotiate and enter into a binding settlement shall appear **in person** at the conference and shall be prepared to discuss the claims, defenses and damages.

Unless there are **extraordinary circumstances**, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests to be excused from attendance for **extraordinary circumstances** shall be made in writing at least **seven calendar days** prior to the conference. Where the suit involves the United

---

[1] The Court will contact the first party and proceed to contact the remaining parties one at a time. Each call may be short or lengthy. Counsel are required to be available for the Court's call beginning at the appointed time and remain available until they are called.

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

States or one of its agencies, only counsel for the United States with full settlement authority need appear. All conference discussions will be informal, off the record, privileged and confidential.

Based upon the Court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, the Court issues the following orders at this time:

**1.** All formal discovery shall be stayed in this case until the completion of the ENE Conference set herein;

**2.** Plaintiff was previously ordered to complete the following by November 18, 2019 (Plaintiff has complied): Plaintiff's counsel **shall lodge** with Magistrate Judge Gallo's chambers, and **serve** on opposing counsel, a statement, not in excess of **five pages**, including:

    a.    An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act;

    b.    A statement of the amount and category of damages claimed by Plaintiff in this action;

    c.    The amount claimed for attorney's fees and costs; and,

    d.    The Plaintiff's demand for settlement of the case in its entirety.

**3.** The parties were previously ordered to complete the following by November 23, 2019 (if the parties have not completed this meeting, they shall do so immediately): counsel for the parties as well as property managers of commercial locations shall meet and confer **in person** at the subject premises regarding settlement of (1) alleged premise violations, and (2) damages, costs and attorney fee claims. Plaintiff's counsel shall be responsible to make arrangements for the conference. **The meet and confer obligation cannot be satisfied by telephone or by the exchange of letters.**

**4.** No later than <u>December 30, 2019</u>, counsel shall lodge with Magistrate Judge Gallo's chambers a **joint statement** of **no more than 10 pages**, advising the Court of the

3

19-CV-1604-MMA(WVG)

status of settlement negotiations and setting forth all issues in dispute, including property issues, Plaintiff's alleged damages, and the claim for attorney's fees and costs, along with a description of any settlement demands and/or offers exchanged. In the joint statement, Defendant shall also discuss what steps, if any, Defendant has taken to remedy the alleged violations set forth in Plaintiff's Complaint.

**5.** At the ENE Conference, Plaintiff's counsel shall provide documentation to the Court for in camera review supporting the amount of attorney's fees and costs claimed.

The parties shall be prepared to engage in good faith settlement discussions with the Court and opposing parties during the ENE Conference. Failure to engage in good faith settlement discussions, or to comply with any provision of this Order, may result in the imposition of sanctions.

Questions regarding this case may be directed to the Magistrate Judge's Research Attorney at (619) 557-6384.

**IT IS SO ORDERED.**

DATED: December 5, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge

4

19-CV-1604-MMA(WVG)